**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

|  |  |  |
|---|---|---|
| | ) | |
| S.V. and D.V., *as parents and next friends of* | ) | |
| *K.V., a minor*, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:24-cv-00282-MSM-AEM |
| | ) | |
| Chariho Regional School District, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court is Defendants' Motion to Compel Plaintiffs' Responses to Defendants' Request for Production of Documents (ECF No. 29). The matter was referred to me for determination pursuant to 28 U.S.C. § 686(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Based upon my review of the record, the parties' submissions, and independent research, the Motion to Compel is GRANTED IN PART as specified below and DENIED in all other respects.

## I.    Background

Plaintiffs S.V. and D.V. are suing on behalf of their minor child, K.V., who has Ehlers Danlos Syndrome and at all relevant times was on a Section 504 Plan pursuant to the Rehabilitation Act, 29 U.S.C. § 794. ECF No. 1 ¶¶ 2, 7, 14-15. They allege that Defendants Chariho Regional School District, Jennifer Poore (K.V.'s elementary school principal), and Cassandra Charette (K.V.'s fourth grade teacher) refused to provide reasonable accommodations and created a hostile environment. *Id.* ¶¶ 18-127. Plaintiffs assert claims pursuant to Section 504, the Americans with Disabilities Act, and the Rhode Island Civil Rights Act, as well as First Amendment Retaliation and Negligence. *Id.* ¶¶ 128-86.

Defendants served Requests for Production ("RFP") on December 9, 2024 and now allege that "Plaintiffs' response failed to provide relevant, responsive documents in response to several of [their] requests." ECF No. 29 at 1. They move to compel responses to RFP numbers 6, 16, 17, and 20. *Id.* at 2-3.

## II.    Legal Standard

Unless otherwise limited by a court order, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining relevance and proportionality, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The party seeking to compel discovery bears the burden of showing that the requested discovery is relevant and proportional. *See TG Plastics Trading, Co. v. Toray Plastics*, C.A. No. 09-336S, 2010 WL 936221, at *2 (D.R.I. Mar. 12, 2010).

## III.    Analysis

### A.  Request for Production No. 6

In RFP No. 6, Defendants seek evidence of damages, including "financial harm, emotional distress, personal inconvenience, worry, loss of enjoyment of life, and other non-pecuniary damages." ECF No. 29 at 2. In response to this request, Plaintiffs "produced all medical records that related to K.V.'s medical damages." ECF No. 30 at 2. Defendants point out that the Complaint specifies that S.V. and D.V. have suffered harm, including financial harm and emotional distress, and contend that they are therefore entitled to documents evidencing the alleged harm to S.V. and D.V. ECF No. 29 at 2. Defendants further contend that D.V. has "put her

physical health in controversy" by contending that she suffers from Ehlers Danlos Syndrome, entitling Defendants to all D.V.'s "medical records related to the diagnosis and treatment of this condition." *Id.* Defendants also note that D.V. attended a deposition at their office in Providence and then claimed that she couldn't complete it there due to her medical condition, providing further support for Defendants' contention that D.V.'s medical condition is at issue. *Id.* at n.1. Defendants requested but have not received a medial note verifying that D.V. could not attend a deposition at their Providence office. *Id.*

Plaintiffs respond that they "have no other known documentation relating to any pecuniary damage for themselves;" "[t]here are no known medical records relating to emotional distress related to S.V.;" and D.V. is in the process of identifying a medical provider who may have documents relevant to her emotional distress about "the issues taking place at school" and will produce those records within 30 days. ECF No. 30 at 2. Regarding the deposition, D.V. proposes producing medical documentation verifying her condition in connection with her request to be deposed in a location closer to her home. *Id.* at 3.

To the extent that the request seeks D.V.'s broader medical records, Plaintiffs argue that request captures records related to a lifelong complex genetic disorder and "would generate large amounts of records that are irrelevant to this matter." *Id.* at 3. D.V.'s own medical records regarding the diagnosis and treatment of Ehlers Danlos Syndrome bear little importance to resolving the issues relating to K.V. The burden and expense of locating, reviewing, and producing such information far outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b).

Defendants' Motion to Compel in connection with RFP No. 6 is GRANTED insofar as Plaintiffs shall identify the medical provider who may have documents relevant to D.V.'s emotional distress about "the issues taking place at school" and produce any such records within

30 days of the date of this Order; and Plaintiffs shall provide medical documentation evidencing her inability to travel to Providence for a deposition within 30 days of the date of this Order. All other relief sought by Defendants in connection with RFP No. 6 is DENIED.

### B. Request for Production Nos. 16-17

RFP Nos. 16 and 17 seek income records from D.V. and S.V., including "W-2 forms, state and federal income tax forms, employment records, and/or lost wage statements" from 2018 to the present. ECF No. 29 at 3. Defendants argue that this request is relevant to Plaintiffs' claimed pecuniary damages that include "financial harm." ECF No. 29 at 3. In response, Plaintiffs aver they "have determined that they have not suffered loss of income as a result of the Defendants' conduct. Therefore, these highly confidential and sensitive records are not relevant to this instant action." ECF No. 30 at 2. Especially in light of this clarification, Defendants have not met their burden of showing that sensitive financial records are relevant and proportional to the needs of this case. Defendants' Motion to Compel as to RFP Nos. 16 and 17 is therefore DENIED.

### C. Request for Production No. 20

RFP No. 20 seeks "[c]opies of any police reports and other related documents filed by Plaintiffs regarding the matters set forth in the Complaint." ECF No. 29 at 3. Plaintiffs respond that they have subpoenaed these records but have not yet received them. ECF No. 30 at 2. Defendants' Motion as to RFP No. 20 is GRANTED and Plaintiffs are ordered to produce the police reports and any other related documents within 30 days from the date of this Order.

## IV.    Conclusion

For the reasons discussed herein, Defendants' Motion to Compel Plaintiffs' Responses to Defendants' Request for Production of Documents (ECF No. 29) is GRANTED IN PART as specified above and DENIED in all other respects.


 /s/   Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

June 25, 2026